## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

IN RE: ETHICON, INC.,
     PELVIC REPAIR SYSTEM
     PRODUCTS LIABILITY LITIGATION   MDL No. 2327

THIS DOCUMENT RELATES TO:

*Debra Charneski v. Ethicon, Inc., et al.*    Civil Action No. 2:14-cv-30401

### ORDER

 Pending before the court is Ethicon, Inc., Ethicon, LLC, and Johnson & Johnson's (collectively "Ethicon") Motion for Sanctions [Docket 8]. For the reasons stated below, Ethicon's Motion for Sanctions [Docket 8] is **GRANTED in part** and **DENIED in part**.

### I.  Background

 This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are nearly 70,000 cases currently pending, approximately 25,000 of which are in the Ethicon, Inc. MDL, MDL 2327. Managing multidistrict litigation requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' discovery responsibilities. Pretrial Order ("PTO") # 17, for example, ensures that Ethicon receives the plaintiff-specific information necessary to defend the cases against it. Under PTO # 17, each plaintiff in this MDL must submit a Plaintiff Profile Form ("PPF") to act as interrogatory answers under Federal Rule of Civil Procedure 33 and responses to requests for production under Federal Rule of Civil Procedure 34. (*See* PTO # 17, *In re: Ethicon, Inc., Pelvic*

*Repair System Prods. Liab. Litig.*, No. 2:12-md-2327, entered Oct. 4, 2012, *available at* http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html). Each plaintiff must submit a PPF within 60 days of filing a Short Form Complaint. (*Id.* ¶ 1b). Failure to do so subjects the plaintiff "to sanctions, to be determined by the court, upon motion of the defendants." (*Id.* ¶ 1i). The parties jointly drafted the requirements for PTO # 17, and I entered it as applicable to every one of the thousands of cases in this MDL.

Here, the plaintiff filed her complaint on December 19, 2014, and after an extension stipulated by the parties, her PPF was due to Ethicon by March 16, 2015. The plaintiff did not submit a PPF during this time period. Indeed, the plaintiff did not submit a PPF until Ethicon filed the instant motion, making the PPF more than 84 days late. Ethicon asks the court to impose monetary sanctions in the amount of $100 per day for each day the PPF was late or, alternatively, in an amount that compensates Ethicon for its expense in bringing and defending the instant motion. The plaintiff, while admitting that the PPF was untimely, insists that because the discovery deficiency has been cured, a monetary sanction is inappropriate.

## II.    Legal Standard

Federal Rule of Civil Procedure 37(b)(2) provides that a court may issue "just orders" when a party fails to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). In the MDL world, this authority has particular significance. An MDL judge bears the "enormous" task of "mov[ing] thousands of cases toward resolution on the merits while at the same time respecting their individuality," and to carry out this task in a smooth and efficient manner, the judge must establish and, more importantly, enforce rules for discovery. *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006). Rule 37(b)(2) supplies the tool for this enforcement, allowing a judge to impose sanctions when a party fails to comply with the court's discovery orders. *See id.*

at 1232 ("[A] willingness to resort to sanctions, sua sponte if necessary, may ensure compliance with the [discovery] management program." (internal citation omitted)); *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively.").[1]

### III.    Discussion

The circumstances of this case lead me to impose the sanction provided in Rule 37(b)(2)(C), which requires the disobeying party to pay "the reasonable expenses, including attorney's fees, caused by the [discovery] failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The plaintiff has not provided substantial justification for her failure to timely submit to discovery. Furthermore, there are no circumstances that make this sanction unjust. Although the discovery violation has since been cured, it nevertheless resulted in litigation expenses for Ethicon. Applying Rule 37(b)(2)(C) ensures that the disobeying party, rather than the innocent party, bears those costs. Accordingly, Ethicon's Motion for Sanctions is **GRANTED** to the extent that it seeks the payment of reasonable expenses.[2]

---

[1] The plaintiff's contention that the court must apply the *Wilson* factors before ordering monetary sanctions is inaccurate. The Fourth Circuit Court of Appeals has directed courts to consider the *Wilson* factors in the case of "extreme sanction[s]," such as dismissal or judgment by default, where the "district court's desire to enforce its discovery orders is confronted head-on by the party's rights to a trial by jury and a fair day in court." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Associates, Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503–06 (4th Cir. 1977)). The minor sanction ultimately ordered in this case, partial compensation of the expenses caused by the plaintiff's discovery violation, does not raise these concerns. Therefore, I do not find it necessary to review the *Wilson* factors.

[2] At this time, there are almost 200 motions pending before the court similar to the one at bar, and from the representations of Ethicon's counsel, this number could reach more than 800. In response, the plaintiffs' lead counsel filed an omnibus motion, seeking clarification and amendment of PTO # 17. The plaintiffs argued, among other things, that because Ethicon did not follow the procedures set forth in Local Rule 37.1 before moving for sanctions—specifically, Ethicon did not confer with plaintiffs' counsel about discovery deficiencies—the court should strike Ethicon's motions. I denied the plaintiffs' omnibus motion by Order entered on June 2, 2015, (*see* PTO # 180, No. 2:12-md-02327 [Docket 1582]), but some plaintiffs have also raised Local Rule 37.1 in their individual briefing. Therefore, I feel compelled to explain my reasons for rejecting this argument. As an initial matter, strict enforcement of Local Rule 37.1 is not feasible or even desirable in an MDL containing 25,000 plaintiffs represented by hundreds of attorneys from all over the country. Conferring on each discovery violation, no matter how small, would be time-consuming, impractical, and, in most cases, ineffective. Furthermore, the parties negotiated and agreed to the discovery

To the extent that Ethicon seeks payment of $100 per day for each day the PPF was late, its Motion for Sanctions is **DENIED**. Such a large amount—a total of over $8,400 in this case—cannot possibly be construed as a reasonable expense for the purposes of Rule 37(b)(2). Considering the economic and administrative realities of multidistrict litigation, where the cost of preparing and serving even the most elementary of motions can quickly and easily add up, I find that a more representative, though minimal, valuation of Ethicon's expenses is in the amount of $500. This number accounts for the time and money Ethicon spent identifying Ms. Charneski as one of the non-compliant plaintiffs; assessing the effect of her discovery violations; drafting a motion for sanctions; serving the motion; and replying to the plaintiff's brief in opposition. All knowledgeable MDL counsel would consider these efforts, which could have been avoided had the plaintiff followed the court's order, to be worth $500 at the least.

### IV.    Conclusion

It is therefore **ORDERED** that the plaintiff has **30 business days** from the entry of this Order to pay Ethicon **$500** as minimal partial compensation for the reasonable expenses caused by the plaintiff's failure to comply with discovery.[3] In the event that the plaintiff does not provide adequate or timely payment, the court will consider ordering a show-cause hearing in Charleston, West Virginia, upon motion by the defendants. It is further **ORDERED** that Ethicon's Motion for Sanctions [Docket 8] is **GRANTED in part** and **DENIED in part**. Finally, it is **ORDERED** that plaintiff's counsel send a copy of this Order to the plaintiff via certified mail, return receipt requested, and file a copy of the receipt.

---

procedure outlined in PTO # 17, which implements rules intended to accommodate the complexity and capacity of multidistrict litigation. Though PTO # 17 imposes a duty to confer in some situations, (*see* PTO # 17 ¶ 1h (requiring the parties to meet and confer when the PPF is timely but incomplete)), the parties chose not to extend the duty to cases where the PPF is late. On October 4, 2012, the court approved this procedure and entered it as applicable to each case in MDL 2327, and I continue to apply it here.

[3] The court directs Ethicon to communicate with plaintiffs' leadership regarding payment instructions.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 5, 2015

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE